SMITHDEHN LLP
Jeffrey Holmes (SBN 100891)
jholmes@smithdehn.com
Russell Smith (*pro hac
vice application to be filed*)
rsmith@smithdehn.com
2500 Broadway
Building F, Suite 124-F
Santa Monica, California 90404
Telephone: (917) 239-5047
Telefacsimile: (646) 417-7974

*Attorneys for Plaintiff*
REFUGE RECOVERY HOUSE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REFUGE RECOVERY HOUSE, LLC., a California limited liability corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>REFUGE RECOVERY, a California non-profit organization, and DOES 1-10,<br><br>                    Defendants. | Case No.: 2:19-civ-00621<br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Refuge Recovery House, LLC (referred to in this Complaint as "RRH" or "the Plaintiff"), by and through its undersigned counsel, for its Complaint against the defendant Refuge Recovery (referred to in this Complaint as "RR" or "the Defendant") and Does 1-10 (collectively, "the Defendants") states the

following allegations made on belief that the same are likely to be proven after further investigation and discovery.

## <u>NATURE OF THE ACTION</u>

1. This is an action by RRH, the registered owner of the marks, "Refuge Recovery" and related logo (Registration Nos. 5,237,934; 5,085,888; 5,085,899 and 5,224,303) (collectively, the "RR Marks"), for injunctive relief and damages due to trademark infringement, dilution, false designation of origin and unfair competition, and for a declaratory judgment regarding RRH's trademark rights.

2. RRH, which owns the RR Marks, is a corporation formed and controlled by Buddhist teacher and bestselling book author Noah Levine ("Levine"). As recognized by the Defendant RR in writing, Levine is the founder of the Buddhist-inspired addiction recovery movement known as Refuge Recovery, which now includes nearly 700 weekly Refuge Recovery meetings across the United States and around the world. As the Defendant also admits, Levine is the author and copyright owner of the HarperCollins-published book, "Refuge Recovery: a Buddhist Path to Recovering from Addiction." As further acknowledged by the Defendant in writing, Levine is the "Founder" and former President of RR.

3. During a voluntary leave of absence last year from the RR board of directors on the part of Levine and after the subsequent resignation of other board members, the current board of directors of RR has removed Levine from his position as President (by eliminating that position), and in bad faith has been using

the RR Marks without authorization, in a manner confusing to the public, (a) to publicly threaten Levine and his company with litigation; (b) to raise money from addicts in the Refuge Recovery movement to fund such litigation; (c) to disseminate false allegations against Levine; (d) to publicly silence opposition to, and questioning of, the board's actions; (e) to put forward unqualified teachers and/or facilitators and leaders; and (f) to take RR and the Refuge Recovery movement in a new direction that could threaten the recovery of countless addicts, given the RR board's repudiation of the original RR vision, as stated in the "Refuge Recovery" book, to organize professional Refuge Recovery treatment centers and meditation retreats led by qualified teachers.

4.     Levine and RRH have no dispute with the Refuge Recovery movement they created, and indeed RRH expressly has licensed the use of the RR Marks by over 20,000 members of the Refuge Recovery movement in writing, for the purpose of holding the nearly 700 weekly Refuge Recovery meetings. The dispute is with the Defendant, as run by its board of directors.

## THE PARTIES

5.     Plaintiff RRH is a California corporation with its principal place of business in Los Angeles, California, and in particular, Venice.

6.     Defendant RR is a California incorporated non-profit public benefit organization organized under the California Nonprofit Public Benefit Corporation

7.     Law, and operating in Los Angeles, California and elsewhere in

California and in other locations in the United States.

## JURISDICTION AND VENUE

8.      This is a civil action under the trademark laws of the United States, 15 U.S.C. §§ 1051, et seq.  This Court has subject matter jurisdiction over the claims in this Complaint relating to trademark and service mark infringement, pursuant to 15 U.S.C. § 1121, and 28 U.S.C §§ 1131 and 1338(a).

9.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of California pursuant to 28 U.S.C § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from the same nucleus of operative facts.

10.      Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(b). The events giving rise to the claims alleged in this action occurred and continue to occur in this District.

## THE FACTS

11.      Levine founded the Refuge Recovery movement in 2009, eight years before the formation of Defendant RR. The movement began with two weekly meetings in Los Angeles, led by facilitators trained by Levine.

12.      In or about 2011, Levine created the main Refuge Recovery website (refugerecovery.org) and related Facebook and other social media accounts.

13.      In 2014, Levine wrote the bestselling book, "Refuge Recovery: A

Buddhist Path to Recovering from Addiction." The success of Levine's book led to the rapid growth of the Refuge Recovery movement, to the point where hundreds of weekly "Refuge Recovery" meetings were commenced across the United States and around the world.

14.     In 2014, Levine formed the plaintiff company RRH as a vehicle for Refuge Recovery activities.

15.     In 2016 and 2017, Levine's company, RRH, obtained trademark registrations for the "Refuge Recovery" service mark and logo, i.e., the RR Marks, for use in all of the intended and actual activities of the Refuge Recovery movement, including educational services, counseling, treatment, therapy, printed matter, and ancillary clothing (caps and shirts) in relation to the field of recovery from addiction. True and correct copies of these registrations from the USPTO records are annexed collectively as Exhibit A to this Complaint. No opposition ever has been filed or voiced by Defendant or anyone against these registrations or the applications for same.

16.     In 2017, Levine formed the defendant non-profit organization, RR, for the purpose of guiding and expanding the growth of the Refuge Recovery movement, which by that time had grown to over 400 weekly community meetings. As reflected in the minutes of the first meeting of the RR board of directors on September 16, 2017, Levine was the "President and Founder" of the organization.

17.     In 2018, anonymous and false allegations were made against Levine,

accusing him of sexual misconduct. The allegations included a police report that resulted in no charges being filed. After the allegations were made, Levine voluntarily suspended his involvement in official RR board matters, to allow the organization to continue its work in the original manner authorized by Levine and RRH, in the hope that the Refuge Recovery movement would continue to thrive despite the allegations. The movement did continue to grow steadily throughout this period, to the point where there are now nearly 700 weekly Refuge Recovery meetings, with new ones starting every month.

18. While Levine was on his voluntary and temporary leave of absence from the RR board of directors, the board eliminated Levine's position as President and began to take a series of actions, using the RR Marks in a manner unauthorized by their owner (RRH) and contrary to the founding vision of the Refuge Recovery movement. As reflected in the official minutes of board meetings, the RR board made efforts to "take 'ownership'" of the RR Marks, culminating in a publicly announced statement on January 16, 2019 that "the Board has directed our organization's counsel to prepare and file the legal complaint necessary to commence a civil suit against Noah in court."

19. The RR board's unauthorized use of the RR Marks has included, but is not limited to, the uses alleged in Paragraph 3 above.

20. Since January 1, 2013, Plaintiff RRH, and through its licensees, continuously and exclusively has used the RR Marks in interstate commerce. As a

result, the RR Marks have acquired extensive goodwill, have developed a high degree of distinctiveness, and have been recognized throughout the United States as well known and famous for identifying high quality services and products, which have their origin with, or have been authorized by the Plaintiff RRH.

21.     Defendant RR's unauthorized use of the RR Marks is likely to cause, and has caused, confusion, mistake and deception as to the source and origin of the Defendant's services and products, in that the public, the trade, and others are likely to believe, and have believed, that the Defendant's services and products are the same as those of Levine and his company RRH, or are approved by, licensed by, affiliated with, or in some other way legitimately connected with Levine and RRH.

22.     Given RR's publicly announced decision to litigate against Levine and his company, RRH has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendant RR's further use of the RR Marks.

23.     Defendant RR's actions have caused and will cause RRH irreparable harm for which money damages and other remedies are inadequate. Unless Defendant RR is restrained by this Court, it will continue and/or expand its unauthorized activities and otherwise continue to cause irreparable damage and injury to RRH by, among other things:

a.     Depriving RRH of its statutory rights to use and control the use of its trademarks;

b.      Creating likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing services and products;

c.      Causing the public falsely to associate the Plaintiff RRH and Levine with Defendant RR and/or its services and products, or vice versa.

d.      Causing incalculable and irreparable damage to Plaintiff RRH's goodwill; and

e.      Causing RRH to lose business in connection with its genuine RR Marks, services and products.

24.      Accordingly, in addition to other relief, RRH is entitled to injunctive relief against Defendant RR and all persons acting in concert with it.

## FIRST CAUSE OF ACTION

**(Infringement of a Registered Trademark)**
**Section 32(1) of the Lanham Act, 15 U.S.C. §1114 -1117**

25.      RRH repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth here.

26.      RRH has a protectable ownership interest in the RR Marks (*See* Exhibit A). Defendant RR is and always has been aware that Plaintiff RRH is the registered trademark holder of the RR Marks. Further, Plaintiff RRH's registrations of its RR Marks on the Principal Registrar give constructive notice of the Plaintiff's ownership rights.

27.      Without authorization from the Plaintiff RRH, the Defendant RR is using the RR Marks in commerce and otherwise, in such manner that it is likely to

have caused and will continue to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of RR's services and products.

28.　　Defendant RR's conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114. These acts have been committed with the intent to cause confusion, mistake or deception.

29.　　As a direct and proximate result of Defendant RR's wrongful acts, Plaintiff RRH has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill associated with the RR Marks. Defendant RR will continue, unless restrained, to use Plaintiff's RR Marks and will cause irreparable damage to RRH. RRH has no adequate remedy at law. It is therefore entitled to injunctive relief pursuant to 15 U.S.C. 1116 (a). RRH is entitled to an injunction restraining Defendant RR, its directors, officers, agents, and employees, and all persons acting in concert with Defendant RR, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendant RR is preliminarily and permanently enjoined from its unlawful conduct.

30.　　Plaintiff RRH is further entitled to recover from Defendant RR the actual damages that it sustained and/or is likely to sustain as a result of Defendant RR's wrongful acts. Plaintiff RRH is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant RR's acts of trademark infringement.

31.　　Plaintiff RRH is further entitled to recover from Defendant RR the

gains, revenues, and advantages that Defendant RR has obtained as a result of its wrongful acts. Plaintiff RRH is presently unable to ascertain the full extent of the gains, revenues, and advantages that Defendant has realized by reason of its acts of trademark infringement.

32. Further, Defendant RR's conduct is willful and an intentional violation of Plaintiff RRH's rights. Therefore, Plaintiff RRH is entitled to an award of damages under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Trademark Dilution)
### 43(c) of the Lanham Act, 15 U.S.C. §1125(c)

33. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth here.

34. Plaintiff's RR Marks are distinctive and famous within the meaning of 15 U.S.C. §1125(c) and were famous before Defendant RR's first use of RR marks as a trademark or service mark based on the extensive nationwide use. The RR Marks have been recognized throughout the United States as well known and famous for identifying high quality services and products.

35. Since January 1, 2013, plaintiff RRH continuously has used the RR Marks in interstate commerce. As a result, the RR Marks have also acquired extensive goodwill, wide publicity, and have developed a high degree of distinctiveness through long, continuous, and exclusive use by Plaintiff RRH and its licensees.

36.     Defendant RR's illegitimate and unlawful activities described in this Complaint constitute unauthorized use in commerce of Plaintiff's RR Marks. Defendant RR's illegitimate and unlawful activities were conducted with full recognition of Plaintiff's use of the RR Marks and commenced after such trademarks had become famous.

37.     Defendant RR's conduct is likely to dilute, have diluted, and will continue to dilute or be likely to dilute, the distinctive quality of Plaintiff's RR Marks by lessening their capacity to identify and distinguish Plaintiff's services and products and by blurring and tarnishing such marks to the damage and harm of Plaintiff, its customers/consumers, and the public, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

38.     As a direct and proximate result of Defendant RR's wrongful acts, Plaintiff RRH is likely to suffer, has suffered, and continues to suffer or be likely to suffer dilution of the distinctive quality and the blurring and tarnishing of its RR Marks. Defendant RR will continue, unless restrained, to use Plaintiff's RR Marks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law.

39.     Plaintiff is entitled to an injunction restraining Defendant, its directors, its officers, agents, and employees, and all persons acting in concert with Defendant RR, from engaging in further acts of dilution. Such harm will continue and increase until the Defendant is preliminarily and permanently enjoined from its unlawful

conduct. Plaintiff RRH is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant RR to stop the use of the RR Marks.

40.     Plaintiff RRH is further entitled to recover from Defendant RR, the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of dilution.

41.     Plaintiff RRH is further entitled to recover from Defendant RR, the gains, revenues, and advantages that the Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, revenues, and advantages that Defendant has realized by reason of its acts of dilution. Plaintiff is also entitled to an award of attorneys' fees.

42.     Plaintiff RRH is informed and believes, and on that basis alleges, that Defendant RR committed the acts alleged above: (a) with previous knowledge of Plaintiff's prior use of its RR Marks; (b) with the willful intent to trade on Plaintiff's goodwill and reputation; and/or (c) with the willful intent to cause dilution of Plaintiff's RR Marks. As a result, Plaintiff has been damaged in an as yet unascertained amount.

43.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of damages pursuant to 15 U.S.C. § 1117.

# THIRD CAUSE OF ACTION

## (False Designation)
### 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)

44.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth here.

45.     Defendant RR is using the RR Marks in commerce in an unauthorized manner, and Defendant RR's actions, as described above, are likely and will continue to cause confusion, mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant RR with the RR Marks to the detriment of Plaintiff RRH.

46.     Defendant, its products, services and commercial activities thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A).

47.     Defendant's conduct is willful, deliberate, intentional and in bad faith.

48.     As a direct and proximate result of Defendant RR's wrongful acts, Plaintiff RRH has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. The Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's RR Marks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) restraining Defendant, its directors, officers, agents, and employees, and all persons acting in

concert with Defendant, from engaging in further acts of false designation of origin. Such harm will continue and increase until Defendant RR is preliminarily and permanently enjoined from its unlawful conduct.

49.     Plaintiff is further entitled to recover from the Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of false designation of origin.

50.     Plaintiff is further entitled to recover from Defendant, the gains, revenues, and advantages that the Defendant has obtained as a result of its wrongful acts. Plaintiff is also entitled to an award of attorneys' fees. Plaintiff is presently unable to ascertain the full extent of the gains, revenues, and advantages that Defendant has realized by reason of its acts of false designation of origin.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

51.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth here.

52.     By reason of Plaintiff RRH's continuous use and promotion of the RR Marks, as well as the distinctiveness of those marks, customers/consumers and the public associate and recognize the marks as representing a single source or sponsor of products and services, and therefore Plaintiff RRH's RR Marks are protectable at

common law.

53. Plaintiff owns and enjoys common law trademark rights in the RR Marks, which rights are superior to any rights that Defendant RR may claim in and to those trademarks with respect to RR's products and services.

54. Plaintiff RRH's RR Marks are inherently distinctive and have acquired secondary meaning with the trade and consuming public, and/or have become distinctive in the minds of customers, in that the Plaintiff's RR Marks are associated with the Plaintiff RRH.

55. Defendant RR's use of Plaintiff's RR Marks in connection with any of its activities and use is likely to cause confusion and, upon information and belief, has caused confusion as to the source of Defendant RR's products and services, in that customers will be likely to associate or have associated such products and services as originating with Plaintiff RRH, all to the detriment of the Plaintiff.

56. By reason of Defendant RR's actions alleged herein, Plaintiff RRH has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of Plaintiff RR's RR Marks, unless and until Defendant is enjoined from continuing its wrongful acts.

57. By reason of Defendant's actions alleged herein, Plaintiff has been damaged in an amount not yet ascertained, and such damage will continue and increase unless and until Defendant is enjoined from continuing its wrongful acts.

# FIFTH CAUSE OF ACTION

## (Common Law Unfair Competition)

58. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth here.

59. Plaintiff RRH's RR Marks have been very successful and have developed a substantial reputation in the marketplace.

60. Defendant RR's actions, described above, in connection with Defendant's services and products are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendant and Plaintiff, and constitute unfair competition at common law.

61. By reason of Defendant's actions in connection with Defendant's services and products, Plaintiff has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its RR Marks, unless and until Defendant is enjoined from continuing its wrongful acts.

62. By reason of Defendant's actions in connection with Defendant's services and products, Plaintiff has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendant is enjoined from continuing its wrongful acts.

63. Plaintiff is further entitled to recover from Defendant the gains,

revenues, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, revenues, and advantages that Defendant has realized by reason of its acts of unfair competition.

64.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

**(California Trademark Dilution)**
**Cal. Bus. & Prof. Code § 14247**

65.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth here.

66.     Plaintiff's RR Marks are distinctive and famous.

67.     Defendant began using Plaintiff's RR Marks in connection with Defendant's products and services after Plaintiff's RR Marks became famous.

68.     Defendant's use of the Plaintiff's RR Marks has injured the reputation of the Plaintiff and dilutes and/or is likely to dilute the distinctive value of Plaintiff's RR Marks in violation of Section 14247 of the California Business and Professions Code.

69.     Plaintiff has no adequate remedy at law. Injury to Plaintiff and dilution of Plaintiff s trademarks will continue, all to Plaintiff s irreparable harm, unless Defendant is enjoined by this Court.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition)
### Cal. Bus. & Prof. Code § 17200, *et seq*.

70. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as fully set forth here.

71. Defendant has committed all of the above described acts of infringement deliberately, willfully, maliciously and oppressively, without regard to the Plaintiff's legal and exclusive proprietary rights.

72. Defendant's actions complained of herein are unlawful and/or fraudulent business acts or practices, constituting unfair competition in violation of California Business and Professions Code § 17200, et seq.

73. Defendant RR's conduct constitutes unfair business acts and/or practices because the Defendant has unfairly used and infringed Plaintiff's RR Marks pursuant to the Lanham Act.

74. Defendant's conduct constitutes fraudulent business acts and practices because Defendant has deceptively and unfairly offered and continues to offer its services and products under trademarks that are Plaintiff's RR Marks.

75. As a direct, proximate, and foreseeable result of Defendant RR's wrongful conduct as alleged above, Plaintiff RRH has suffered injury and is entitled to relief, including disgorgement of all revenues, revenues and benefits obtained by Defendant as a result of its unlawful and/or fraudulent business acts or practices.

76. Defendant's unlawful and/or fraudulent business acts or practices

described above are a serious and continuing threat to Plaintiff RRH, and if Defendant RR is allowed to continue its wrongful conduct, Plaintiff RRH will suffer further immediate and irreparable injury, loss, and damage. In the absence of preliminary and permanent injunctions, Defendant will continue to engage in the wrongful conduct described above.

77.     Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of unfair competition.

78.     Plaintiff is further entitled to recover from the Defendant, the gains, revenues, and advantages that Defendant has obtained as a result of its wrongful acts, or any other restitutionary relief as the Court deems appropriate. Plaintiff is presently unable to ascertain the full extent of the gains, revenues, and advantages that Defendant has realized by reason of its acts of unfair competition.

## **EIGHTH CAUSE OF ACTION**

### **(Declaratory Action)**
### **28 U.S.C. §2201**

79.     Plaintiff repeats and real every allegation in the foregoing paragraphs as if fully set forth here.

80.     There currently exists an actual, substantial, and justiciable controversy between the Plaintiff RRH and the Defendant RR, as the Defendant RR is using

Plaintiff's RR Marks in an unauthorized manner, and is also using the marks, among others, to publicly threaten Levine and his RRH company with litigation; to raise money from addicts in the Refuge Recovery movement to fund such litigation; to disseminate false allegations against Levine; to publicly silence opposition to, and questioning of, the board's actions; to put forward unqualified teachers and/or facilitators or leaders; and to take RR and the Refuge Recovery movement in a new direction that could threaten the recovery of countless addicts, given the RR board's repudiation of the original RR vision, as stated in the "Refuge Recovery" book, to organize professional Refuge Recovery treatment centers and meditation retreats led by qualified teachers.

81.     Additionally, Defendant RR recently announced publicly that it is suing Levine and his company to get control of the name RR.

82.     The unauthorized use of the RR Marks constitutes a violation of the Plaintiff's trademark rights because it infringes and/or dilutes the RR marks pursuant to Sections 32 and 43(a) of the Lanham Act.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant it the following relief:

83.   That Defendant be permanently enjoined from continued use of the Plaintiff's RR Marks or a confusingly similar variant of the Plaintiff's RR Marks;

84.   That the Court order the impoundment and destruction of all infringing services and products;

85.   For a final judgment against the Defendant, for all revenues derived from Defendant's unlawful conduct, all actual damages suffered by Plaintiff (such amount to be trebled), and Plaintiff's reasonable attorneys' fees and the costs of this action;

86.   For a judgment declaring that Defendant's use of the RR Marks infringes upon or dilutes the Plaintiff s famous RR marks;

87.   For an order or judgment granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

88.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff RRH respectfully demands a trial by jury on all claims and issues so triable.

Dated:   January 28, 2019

SMITHDEHN LLP

By:  /s/ *Jeffrey Holmes*
Jeffrey Holmes (SBN 100891)
jhomes@smithdehn.com
Russell Smith (*pro hac*
*vice application to be filed)*
rsmith@smithdehn.com
2500 Broadway
Building F, Suite 124-F
Santa Monica, California 90404
Telephone: (917) 239-5047
Telefacsimile: (646) 417-7974

*Attorneys for Plaintiff*
REFUGE RECOVERY HOUSE, LLC